The case of the afternoon, 410-0143, Simmons v. Reichardt, for the appellant, Mr. Gunter, and for the appellee, Mr. Anderson, you may proceed. May it please the court, counsel. My name is Lee Gunter, and I represent Dawn Simmons, who is the plaintiff's appellant in this case. The case arises from an incident in June 12, 2003, in which Dawn was a guest of Defendants Nancy and Greg Reichardt at their home in Odell, which is in Livingston County. In the afternoon, or at some point during the day, Dawn Simmons was on a trampoline with Haley, Greg Reichardt's daughter, and a mutual friend named Matt. They were bouncing on the trampoline. They came up with a game, I guess they were calling it popcorn, because she actually admits she had a bad back at the time. But she's sitting in the middle of the trampoline, and the others are bouncing on it, and at one point, it bottomed out. She actually hit the ground, which jolted her back, and later resulted in a knee, and she did have a surgery. The question in the trial court was, in my belief, the ownership of the trampoline, as well as the defect. Gregory Reichardt, at his deposition, testified that he purchased the trampoline at Walmart. His affidavit simply says that it wasn't his, and his mom's testimony was simply that it was hers, even though he purchased it. He also testified that he assembled it, that he checked it daily, and that it was for his daughter's use. And on that issue, we certainly contend, even without discussing the affidavit of Kimberly Gordon, which was presented to the trial court after hearing on the motion for summary judgment, even without that, we think that there is an issue, a question that should be heard by the jury on ownership. Was the deposition testimony presented to the trial court at the time of the hearing on the motion for summary judgment? Yes. It's referenced in the briefs, and I believe it was presented to the trial court. I'm sorry. It was referenced in the motion itself, and it was presented to the trial court. Were you present at the hearing on the motion for summary judgment? Yes. So you argued against the defendant's motion? I did. Did you point out the deposition statements from Greg that he bought the trampoline? I believe so. Though, I've got to be honest, there's a transcript of it, and I do not recall specifically whether I did at that time or not, but the deposition was a part of the record, or is a part of the record. Well, part of the record, or was it attached to, I assume they filed a motion for summary judgment. Correct. You responded. Correct. And you had to submit something to show the court that summary judgment should not be allowed. Correct. We did file briefs. Okay, you filed a brief, but attached to your motion and your affidavit, was there a copy of the deposition showing this testimony that contradicts the fact that he was saying he was not the owner? I do not believe so, because it didn't show up in part of the civil record. In the transcript, it was argued, the transcript of the argument, the deposition was referred to repeatedly, and I did file a motion, which was granted by this court, to supplement the record with the deposition transcript. Right, to supplement our record with the deposition, but was it given to the trial court? That's my question. And, I don't know. It is my recollection that it was, it was referenced in the argument, but then when we got the common law record, there was not a copy. But I thought part of the basis of the ruling on your motion to reconsider was that you had your chance to present the deposition testimony at the time of the hearing on the motion for summary judgment. You never drew their attention to it. My understanding of the motion to reconsider revolved primarily around the affidavit of Kimberly Gordon. And it was said that I should have presented that. That was the additional affidavit. Right, that was the additional affidavit. Why wasn't that presented prior to the hearing? Kimberly Gordon had not been identified as a witness by either party. I personally, and I don't think my client, according to my client's affidavit, which is also part of the record now. But somehow after you lost the hearing, now she surfaces. My client called Kimberly Gordon, who she knew had been with Greg Reichardt, Haley Reichardt, his daughter, who is also her daughter, and she called him just to commiserate on it and said, we lost and we lost because Greg said he didn't know him. And Kim said, I was with him when he bought it. Now, perhaps that could have been discovered at an earlier date. Of course it could have been discovered. But that was unknown to either one of us. Well, I mean, she just never talked to her about it. Correct. Why not? Didn't know that she had that knowledge. Well, here's somebody who knew the two of them. Yes. So the idea that we're going to find that the trial court erred by abusing its discretion, by not permitting you to add essentially this new material is different. The question, as Justice Pope points out, was the deposition before the trial court where Greg says he purchased the trampoline. You're not sure? I am not. But I guess what I'm getting at, if it had been, I mean, why would you even need this second affidavit? Well, it was, again, it was my impression that the judge had specifically concluded that because Nancy Reichert had said it was hers, that it was hers and that Greg didn't know. The trampoline was on property at a home owned by Nancy. And Nancy said it was hers. And it's my belief that that was what the decision was made on as far as ownership. What I'm getting at, and maybe I'm not being clear, is if he testified at his deposition prior to the hearing on the motion for summary judgment that he, in fact, was the purchaser and he owned the trampoline. He didn't say he owned it. He just said he purchased it. Yes. And his affidavit, which was added to the motion for summary judgment, he said that he did not own it. And I think that he said he didn't own it. She said that he did own it. And I believe that was what the judgment concluded. And the homeowner, the mother, owns the home where the trampoline is located. That is correct. And does he live there with the mother? Yes. At the time all this occurred, yes. In that same deposition, he was asked, what did you purchase it for, if anything? And he said he purchased it for Haley, who was his daughter. That is my recollection of it. I know he said he purchased it at Sam's Club. The specific language regarding him purchasing it for Haley is what I recall, but I'm not sure about the parent. I'm a little surprised that you don't recall one way or the other about whether this deposition was added or was before the trial court, because I don't understand, in the absence of the deposition, what your defense to the motion for summary judgment would be. That certainly makes sense. I would certainly agree with that. Which is why I'm back to, I thought it was before the trial court. So you think it was, but you're not sure. Yeah, I honestly don't know. If somebody else says it's not, then I have no real way to dispute it. I know we discussed it. I know it was argued, but I don't know that the trial court had it. Was it cited in your motion in opposition, or did you file a brief or something like that? I filed a brief. In opposition to summary judgment, citing the deposition? I don't think I did, Judge. I filed a brief in opposition. I don't believe I cited specifically to that testimony. You think you did or did not? I don't think I did. Okay. Well, when you filed the motion to reconsider, would it be correct that you argued that the deposition, that Greg made that admission in his deposition? I don't believe we have a transcript of that argument. Again, it's one of those where I can't swear to it. I think so, but I can't be sure. So the motion would have just said, please reconsider? Well, and it added the affidavit of Kimberly-Gordon. That was the basis for the motion to reconsider. The other issue was whether Greg Reichert had knowledge of any defect, and there it was an admission which he made to my client that when she called and told him that the thing had bottomed out and she'd hurt her back, he said to her, now you know why I don't go on that thing anymore. And he added, we just moved it to the other side of the yard, so some of the springs were probably loose. The trial court found that there was no evidence that springs were loose, but Greg being the one who made the statement, who had actual knowledge of the trampoline, it's my view that something was loose, and he knew it. Which is why, for his own safety, he never went on it. Well, if he doesn't own it, none of that matters, though, does it? I would agree. I believe if he was not an owner, then he would have no duty to warn others. So the ownership is really kind of the key issue, and indeed that's what the trial court found lacking in granting summary judgment. I believe that is true. Though, again, that was another one of the reasons the judge ruled and I wanted to make sure I covered that in my argument. So, I guess, I wish I had a better memory or would have definitely made it into the record. I don't recall whether we had attached the motion to the trial court. Saw his deposition. I know it was referenced. I know Nancy Reichert's deposition was also referenced by the defense, the defendant, Appoli, in their actual motion. They referenced Nancy Reichert's deposition, quoting various passages, and I did not find her deposition transcript in the common law record. I can't account for that. I don't know why it wasn't there. Having said that, it's the plaintiff's position that Greg Reichert did own it, that he knew it was dangerous. He knew that Dawn Simmons, the plaintiff, had been on it before. She was there that weekend as his guest, and despite his knowledge of the dangerous condition of the trampoline, he failed to warn her, and that there would be liability in this case, or at least questions of fact, which should be resolved by a trial effect. And having said nothing else, if there are any other questions, I thank you for your time. Thank you. Thank you. Mr. Anderson, do you dispute that there was that admission in the deposition? By my client, Mr. Reichert, as to him saying that he purchased it? Yes. I do not dispute that. That was a correct statement. I think he said he purchased it for the enjoyment of his daughter, Haley. They put it together, or he put it together, and he bought it before he ever moved in with his mom. I do not. That is not my recollection of his, and I thoroughly reviewed his deposition before I came today here. He stated that he purchased it. Was the deposition, by the way, before the trial court? It was not. It was not. The only deposition that was taken that day was the deposition of the plaintiff, She had some questions with regards to it, and I believe that was the one that was entered into the record. So there was a deposition on file, your client, showing that he said he had purchased this, that was not presented to the trial court in opposition to your motion of summary judgment? There was not. The only thing that was presented to the court that day was, of course, the affidavit that we submitted, Mr. Reichert had filed, stating that his mother was the sole owner. In her deposition, she said she gave Greg the money. He went and got it and brought it back home. So the trial court was... By the way, in the motion for summary judgment, did the parties identify the specific evidentiary matters that they were asking the court to consider? I believe so, yes, in our motion we did. How about the plaintiff in opposition? Did they file a memorandum or some pleading in which they identified what they were asking the court to consider in opposition to your motion? In the opposition to the motion, I believe, and again I reviewed it today as well as the previous days, their central argument was that they weren't alleging that this was an inherently dangerous object, being a trampoline, but there was a duty on the part of the plaintiffs to warn this individual of an alleged defect. That's not quite my question. My question was, did they file a pleading in opposition to your motion for summary judgment? Yes. And in that pleading, did the plaintiff identify evidentiary materials which the plaintiff wanted the court to consider in opposition? No, other than, and I apologize, there may have been an affidavit of the plaintiff, but I don't believe that it addressed any of the issues that we've spoken about before. But in any event, your representation to us now is that this memorandum or pleading, whatever you wish to call it, of the plaintiff in opposition to your motion for summary judgment made no reference to the deposition of your client in the statements how he bought the trampoline. That I can be certain of. And in addition to the pleading convicting nothing, was the actual deposition presented to the trial court at the time of the hearing? No. Was there any reference made to the deposition at the time of the hearing? I do not believe so. I'm reasonably sure I reviewed the transcript. You were counsel at the time? I was. Do we have a record before us of the arguments in that motion? It should be in the record, I believe. I have a transcript of it and my review of that today. There was no reference to the purchase. Quite frankly, in their argument, Ms. Simmons sought to impute knowledge on Mrs. Reichardt by alleging some sort of an agency whereby Greg was her agent and he moved this piece of property around her property. And actually, in their argument, they referred to it as something to the effect that she should have known if somebody was moving her property or her objects around her property. So even at that point in time, there was no opposition to his not being the owner. In fact, they were using it to try and impute knowledge of this alleged thief. Could you tell me how we come to know, or how the record comes to know, that I think I understood you to say this, that Nancy, when deposed, said, I gave Greg the money so he could buy the trampoline. I don't believe there's anything in the record that... You know that because you know that she said that in her deposition. But that deposition is not before the court either. It's not. The only thing that's before the court is the affidavit of my client, Greg Reichardt, indicating that she was the sole owner of the property in question and the trampoline in question. Which at that hearing, if I may, was not, again, really disputed by counsel. It was only on the motion to reconsider when this affidavit came from Kimberly Gordon, who I believe was the ex-wife. The deposition of Ms. Reichardt was taken June 29, 2006. The affidavit of Ms. Gordon came almost three years later, 5-30-2009. Greg's deposition was done on the same day all three of them, the parties were done on June 29, 2006. So this information of her stating, I bought it, I gave the money to Greg, Greg went and took this money, bought it for Haley, I wanted it for Haley. And I don't think his statement of I purchased it is even necessarily contradicted. I think he did in fact purchase it where the money came from, who was the owner. Certainly if we create a genuine issue of material fact for a jury to resolve, you'd lose the motion for summary judgment without question. I wouldn't disagree at all. If it were before the court, but if it's not, I guess you don't. That's our position, is that in fact there's been no evidence presented at the motion for summary judgment even here today that this court could utilize, I think appropriately, to find that he was the owner of the trampoline and there's been no dispute as to who the owner of the property was. When was his deposition taken in which the statement was made about his purchase? My review of the records, I think all three parties, and I'm talking about Mrs. Reichard, who for the record is deceased, her son and the plaintiff were all done, I believe on June 29, 2006. And when was the hearing on the motion? The motion for summary judgment took place on March 20, 2009. Two and a half years later? Yes. After the depositions? Yes. And the motion for rehearing was filed with the attached affidavit of May 30, 2009 as well. That's my recollection of when the affidavit was signed by Ms. Gordon. What did the trial court say in denying the motion to reconsider? I think essentially what this court is saying, that that evidence shouldn't be, that affidavit is not timely. Under the Stringer case, which I cited, obviously there needs to be some special circumstances in which this new evidence, that it wasn't obtainable, that it wasn't the change in the law or something of that nature, which would otherwise make it such. But it should not be given or used as an opportunity to go out and find new evidence after the court's made its ruling. So the deposition, Greg, was on file someplace. It just wasn't presented to the court. Is that correct? I had a copy, and I can only assume that the counsel had a copy as well. I did not take that deposition. I wasn't involved in the case at that time. But it was in my file since it was taken. So it would be part of the common law record here, but no one ever made reference to the trial? I don't think it was part of the common law record. No, no, it wasn't. Nobody ever entered it. Well, how did it get before us? Greg's? Yes. He filed a motion to supplement the record before you all. But it was never part of the court record in the trial court? That's correct. It was rarely referenced, if at all. I think I don't want to appear summary in my argument to the court, but I think that certainly the issues that I'm hoping that you would address and review have been talked about, but I don't think that there's any evidence that would impute ownership of this trampoline and, therefore, as a result, there should not be any duty on him or there isn't any duty on him to have warned Ms. Simmons of any defect, should there have even been one. The court did make note of the fact that there was no evidence, no testimony, no affidavits, no expert testimony of any sort of alleged defects to this equipment. The only reference that was made was in a document that was prepared by the appellant in preparation of litigation. She even indicated to that where she indicated, not under oath or otherwise, that he made this statement. However, in her deposition, which was made part of the common law record, the question was asked to her, what did he say to you after you indicated he was injured? And her comment was, now you know why I don't go on those things, that thing. The question was then followed up, was there anything else you said, or he said to you, and the answer was no. This other statement, he's probably reluced, wasn't included. And I think the court took that into consideration. Again, I think the Moseley Accord is the fact that it should not, there's no ownership of either the property or the item in question, which would impute any sort of duty on the part of Mr. Reichert to have warned Ms. Simmons that there was any defect. But I also think that there was no evidence presented that there was, in fact, any sort of a defect. The best evidence that the plaintiff has in the preface of their case in that regard is an alleged statement made to him, imputed to him by saying that the spring is probable. But even that, I don't think, rises to the level of knowledge of an existing defect. If the court doesn't have any other questions. We do not. Thank you. Thank you. Mr. Gunter. What is it you want us to do? Supplementing the record with the deposition that wasn't before the trial court doesn't give the trial court the opportunity to rule on it. And the trial court had the opportunity to rule on this case twice, both on the motion for summary judgment and the motion to reconsider. So are we supposed to pretend that Judge Balkanek had this deposition before or sprinkle magic dust and say that she had it before? I mean, I don't understand. In both the argument and in the motion for summary judgment itself, these depositions were all argued. Well, I understand that they were argued. They argued that these depositions existed, but... Well, in her order on page 158, C-158 of the Commonwealth Record, she relied on deposition testimony. But did she say she relied on deposition testimony or did she say she relied on specific enumerated items? She goes straight down facts that were in the deposition testimony. And one of those facts is that the defendant doesn't own the... How did she get to that fact? That at her deposition, Nancy Reichert testified that she owned the trampoline. That is at the deposition of Nancy Reichert. There was no affidavit. So how is it that Judge Balkanek knows this? This was referenced extensively in the plaintiff's motion, particularly on page C-25, where the deposition of Dawn Simmons, Greg Reichert, Nancy Reichert, and Haley Reichert are all referenced. Cited. Yes. But excerpts from the deposition aren't part of the motion, are they? No. And on March 24th, after the motion was heard on page C-78 of the Common Law Record, there's a letter from defense counsel that says, Dear Judge Balkanek, please find enclosed a copy of the deposition of Plaintiff Dawn Simmons in the unredacted diary that were discussed at the hearing of the motion for summary judgment on March 20th. So these were all... Well, let me be more specific. What is there explicitly in the record that shows that the deposition, the needle's deposition, about which we've been asked, where he says, I purchased the trampoline, was before the trial court at the hearing on the motion? I'm sorry, court. Greg says that or Nancy says that? I misspoke. Greg. I must say I did not see that anywhere specifically in the record. But I was also going to say, nowhere in the record does it appear that Nancy said she owned it. Well, it doesn't matter. Right, because her deposition isn't part of it either. Because it's submitted to the court other than by being mentioned in the argument or mentioned in the motion and then argued, perhaps. And it was, nevertheless, part of the court's finding. But we would be required... What you're essentially doing is asking us to reverse the trial court based upon evidence it never saw. Namely, Greg's deposition where he says, I bought the trampoline. In the absence of his deposition in Nancy's, she's now dead, we just have Greg's affidavit saying, I didn't own that trampoline. What is there to counteract that? Nothing that I can think of at the moment. And if he doesn't own the trampoline, he's no more liable for the injury than you or I, is he? I would come to that. Counsel, I was rude in my remarks with my sarcastic... Oh, I was attempting to be sarcastic. I apologize for that. Well, some people think that my directness is rudeness. We're a court of record. I mean, we review the record that's before us, and we want to make decisions based upon the record that was before the trial court. And that puts us, in this case, in an unusual position. I certainly understand. Thank you. We'll take the matter under advice.